UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| CODY A. RUSH, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) NO. 3:23-cv-01118 |
| LINCOLN COUNTY JAIL, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Cody Rush, an inmate of the Lincoln County Jail in Fayetteville, Tennessee, filed a pro se civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an application for leave to proceed as a pauper. (Doc. No. 2). As explained below, Plaintiff's application to proceed as a pauper is well taken, but this action is improperly venued in this district and therefore subject to transfer.

## I. PAUPER STATUS

A prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee. A proper application consists of a financial affidavit, 28 U.S.C. § 1915(a)(1), and a certified statement of trust fund account activity for the six months preceding the complaint's filing. Id. § 1915(a)(2). Plaintiff has filed a financial affidavit asserting his lack of funds and a signed statement documenting the jail's denial of his request for a certified trust fund account statement. Under this Court's precedent, such a statement may suffice to satisfy § 1915(a)(2). See Michael Kilpatrick v. James O'Rouke, No. 3:16-cv-01840, Doc. No. 3 at 1–2 (M.D. Tenn. 2016). Accordingly, Plaintiff's application for pauper status (Doc. No. 2) is **GRANTED** and a $350 filing fee[1] is **ASSESSED**.

---

[1] While prisoners who are not granted pauper status must pay a total fee of $402—a civil filing fee of $350 plus a civil administrative fee of $52—prisoners who are granted pauper status are only liable for the $350

The warden of the facility in which Plaintiff is currently housed, as custodian of his trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10. Id. § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. Id. § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility in which Plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

## II. VENUE

Under 28 U.S.C. § 1391(b), venue is proper in: (1) a judicial district where any defendant resides, if all defendants reside in the same state; (2) a district where a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property in question is situated; or (3) if there is no other district in which the plaintiff may bring the action, a district where any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b). A district court considering whether it is the proper venue for a case must

---

civil filing fee. See 28 U.S.C. § 1914(a)–(b) and attached District Court Miscellaneous Fee Schedule, provision 14 (eff. Dec. 1, 2020).

initially determine whether it fits any of these three descriptions. Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas, 571 U.S. 49, 56 (2013). "If it does, venue is proper," though the court in its discretion may still dismiss or transfer the case in the interest of justice and for the sake of convenience of parties and witnesses under 28 U.S.C. § 1404(a), "a codification of the doctrine of *forum non conveniens*." Id. at 56, 60. "[I]f it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)," id. at 56, which prescribes this outcome for "a case laying venue in the wrong division or district." 28 U.S.C. § 1406(a).

The events giving rise to this action occurred, and all parties reside, in Fayetteville, Lincoln County, Tennessee. (*See* Doc. No. 1 at 2.) Lincoln County lies within the Eastern District of Tennessee. 28 U.S.C. § 123(a)(4). The Middle District, where this Court sits, does not appear to have any connection to the parties or claims in this case, nor does there appear to be any reason why Plaintiff could not have brought this case in the Eastern District. The Court therefore finds that venue is improper in this district under § 1391(b), and that transfer of this action to the Eastern District is warranted under § 1406(a).

### III. CONCLUSION

In light of the foregoing, the Clerk is **DIRECTED** to **TRANSFER** this action to the United States District Court for the Eastern District of Tennessee, Winchester Division. The screening of the complaint under the Prison Litigation Reform Act will be taken up by the receiving court.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE